UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL R. ATRAQCHI and
IRENE S. ATRAQCHI,

    Plaintiffs,

v.    Case No. 8:12-CV-209-T-27AEP

UNITED STATES OF AMERICA,
BARACK OBAMA, MICHELLE OBAMA,
JIM MESSINA, JOHN DOE AND
JANE DOE 1-350,000,000,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Plaintiffs have filed an Amended Complaint against the United States of America, President Barack Obama, Michelle Obama, Jim Messina, and John and Jane Does 1-350,000,000 to obtain injunctive and declaratory relief and damages (Dkt. No. 5). Essentially, Plaintiffs contend Defendants have illegally subjected Plaintiffs to wire tapping and electronic surveillance in violation of their rights under the First, Fourth, Fifth, and Fourteenth Amendments. Currently before the Court are Plaintiffs' Affidavits of Indigency (Dkt. Nos. 2 & 3), which the Court construes as motions for leave to proceed *in forma pauperis*.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. §1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from

such relief. 28 U.S.C. § 1915(e)(2). Notably, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or "without arguable merit either in law or fact." *Denton v. Hernandez*, 504 U.S. 25, 31, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably meritless, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Here, Plaintiffs allege they have been subjected to illegal wiretapping and electronic surveillance since approximately 1983 at the hand of the current President of the United States of America as well as his alleged co-conspirators. Namely, Plaintiffs allege that, among other things,

> The Plaintiffs bring this action under 18 USCA 2520 of Chapter 119 (18 USCA 2510-2521) to obtain preliminary and permanent injunctive relief against the Defendants for illegally wiretapping their telephone and electronical [sic] surveillances [sic] of their hotel room in the State of Florida, Tampa area, on the train, in their apartment [sic] DC, San Francisco, and elsewhere from the White House and disseminated the information gained falsely whereby heard by the general public, for the purpose of isolating and criminating the Plaintiffs and impose [sic] religious inquisition upon them, homosexualize, rape, and blackmail, and procure them into a field of interception of illegal wire communications where they will be forced to commit crimes against humanity, homosexualizing, prostituting and stealing property of innocent individuals, citizens of the United States of America and convert them to the Baptist sect of Christianity in violation of the law and the U.S. Constitution.

Dkt. No. 1 at 1-2. Plaintiffs further allege that individuals "have been planted in their apartment building to spy and rape the Atraqchis by the Obamas, Messina and the management of [sic] DC Housing Authority Complex" (*id.* at 6) and that "[a]s a result of the illegal wiretapping, Barack

2

Obama continued to monitor the Atraqchis, employing Jim Messina and his wife, and illegally wiretapping them from the White House, to cover up[] his five attempts to assassinate Mike Atraqchi and Irene Atraqchi in the DC area, while he was a Senator and later a President ..." (*id.* at 3). Such allegations are "clearly baseless," "fanciful," "delusional," and even "rise to the level of the irrational or the wholly incredible" thereby rendering the allegations frivolous for purposes of 28 U.S.C. § 1915(e)(2).[1] *Denton*, 504 U.S. at 32-33; *see Williams v. St. Vincent Hosp.*, 258 Fed. App'x 293, 294 (11th Cir. 2007) (finding the district court did not abuse its discretion in dismissing the plaintiff's complaint as frivolous where the complaint presented a far-fetched scenario based on assertions of a massive conspiracy to monitor the plaintiff that was clearly baseless). Accordingly, and after due consideration, it is **RECOMMENDED** that Plaintiffs' construed motions for leave to proceed *in forma pauperis* (Dkt. Nos. 2 & 3) be **DENIED** and Plaintiffs' Amended Complaint (Dkt. No. 5) be **DISMISSED**.

**IT IS SO REPORTED** in Tampa, Florida this 14th day of February, 2012.

ANTHONY E. PORCELLI
United States Magistrate Judge

---

[1] Indeed, other courts have found as frivolous similar allegations asserted by Plaintiffs. *See, e.g., Atraqchi v. Dist. of Columbia Housing Authority*, 241 Fed. App'x 709 (D.C. Cir. 2007) (finding district court did not abuse its discretion in dismissing the Atraqchis' conspiracy claims as frivolous); *Atraqchi v. Unknown Named Agents of the Federal Bureau of Investigation*, 186 Fed. App'x 5 (D.C. Cir. 2006) (finding district court properly dismissed the Atraqchis' complaint as frivolous where the factual allegations were so implausible as to be "fantastic or delusional").

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*


Copies furnished to:
Hon. James D. Whittemore
Plaintiffs, *pro se*